IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK12-80485 |
| JOHN LEE OSBOURN and | ) | A15-8007 |
| CHERYL LYNN OSBOURN, | ) | |
| | ) | CHAPTER 13 |
| Debtor(s). | ) | |
| JOHN LEE OSBOURN and | ) | |
| CHERYL LYNN OSBOURN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO FINANCIAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff-debtors' motion for summary judgment (Fil. No. 13). No objection was filed. Bruce C. Barnhart represents the debtors. No appearance has been made for the defendant. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property.

The following facts are uncontroverted:

1.  The plaintiffs are the debtors in this Chapter 13 proceeding.

2.  The plaintiffs are the owners of real property legally described as Lot 185, Mission Gardens, an addition to the City of Bellevue, Sarpy County, Nebraska, commonly known as 1607 Englewood Drive, Bellevue, Nebraska 68005.

3.  The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4.  According to the evidence, Wells Fargo Financial Nebraska, Inc., holds the first lien against the real property in the approximate amount of $111,286.81 by virtue of a deed of trust filed with the Sarpy County Register of Deeds on June 8, 2006, and a subordination agreement filed with the Sarpy County Register of Deeds on June 13, 2006.

5. Wells Fargo Financial Bank holds a second lien against the property in the approximate amount of $16,195 by virtue of a deed of trust executed on March 22, 2005, and subsequently

recorded by the Sarpy County Register of Deeds, and subject to a subordination agreement with Wells Fargo Financial Nebraska, Inc., filed on June 13, 2006.

6. Based on an appraisal conducted at the debtors' request in February 2012, the property is valued between $100,000 and $102,900.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiffs filed this adversary complaint on February 5, 2015.

9. Summons and the complaint were served on June 1, 4, and 8, 2015, on the defendant's registered agent and offices in Des Moines, Iowa, and Pierre, South Dakota.

10. No answer or other response has been filed or served by the defendant.

The Eighth Circuit Court of Appeals has concurred with the seven other circuit courts that have addressed the issue in deciding that a wholly unsecured junior lien may be stripped off and avoided upon a debtor's Chapter 13 discharge. *Minnesota Housing Fin. Agency v. Schmidt (In re Schmidt)*, 765 F.3d 877 (8th Cir. 2014).

The court explained that the anti-modification protections provided to secured creditors by 11 U.S.C. § 1322(b)(2) apply only when the creditor's claim actually has some value, drawing a distinction between under-secured liens and liens without any value whatsoever. "'Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value – after accounting for other encumbrances that have priority over the lien – so that the lien is at least partially secured under Section 506(a).'" *Id.* at 881-82 (quoting *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir. 2001)). When "the creditor's claim is wholly unsecured, then the reasoning of *Nobelman [v. American Sav. Bank*, 508 U.S. 324 (1993) (prohibiting stripping of partially secured liens)] does not preclude modifying the creditor's rights under § 1322(b)(2)." *Id.* at 882. A wholly unsecured creditor does not hold a claim secured by the debtor's residence, so the anti-modification provision does not apply. *Id.* (citing *McDonald v. Master Fin'l, Inc. (In re McDonald)*, 205 F.3d 606, 612 (3d Cir. 2000)). Accordingly, Chapter 13 debtors may strip off the lien of a junior lienholder where there is no equity securing the security interest in the property.[1]

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

---

[1]This case is unaffected by the recent United States Supreme Court decision of *Bank of America, N.A. v. Caulkett*, ___ U.S. ___, 135 S. Ct. 1995 (June 1, 2015) (holding that Chapter 7 debtors may not strip off wholly unsecured liens), because *Caulkett* applies only to Chapter 7 cases. *Id.* at 1999; *Green Tree Servicing, LLC v. Wilson (In re Wilson)*, 532 B.R. 486, 493 n.10 (S.D.N.Y. 2015). *See also Boutkatch v. MidFirst Bank (In re Boutkatch)*, 533 B.R. 292, (B.A.P. 9th Cir. 2015) (holding that wholly unsecured liens may be stripped off in the "Chapter 20" context as long as debtors complete their plan payments).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by Wells Fargo Financial Bank for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. No. 13) is granted. Separate judgment will be entered.

DATED:  September 21, 2015

BY THE COURT:

 /s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
     *Bruce C. Barnhart
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.